# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JOE WILLIE JACKSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02549-JTF-tmp |
| ) | |
| **MIDLAND MORTGAGE COMPANY and** ) | |
| **MINNESOTA LIFE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT MIDLAND MORTGAGE COMPANY'S MOTION TO DISMISS

Before the Court is Defendant Midland Mortgage Company's Motion to Dismiss, filed on September 4, 2020. (ECF No. 7.) Plaintiff Joe Willie Jackson filed a Response in Opposition on September 25, 2020. (ECF No. 11.) Defendant Midland filed its Reply on October 12, 2020. (ECF No. 25.) On October 22, 2020, the Chief Magistrate Judge entered a Report and Recommendation to grant Defendant Midland's Motion to Dismiss. (ECF No. 30.) Plaintiff submitted a filing on October 26, 2020, which this Court construes as Objections to the Report and Recommendation. (ECF No. 31.) So construed, Plaintiff's Objections are unresponsive to the Report and Recommendation. (*Id.*) For the reasons provided below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **GRANTS** Defendant Midland's Motion to Dismiss.

## **FACTUAL OBJECTIONS**

1

In the Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 30, 1–5.) Plaintiff appears to recite facts provided in the Report and Recommendation and simultaneously attempt to object to some of the Chief Magistrate Judge's factual findings. (ECF No. 31, 2–3, 7.) However, any factual objections set forth by Plaintiff are unintelligible, and further, are not material to the ultimate inquiry—whether *res judicata* bars Plaintiff's claims against Defendant Midland.

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D.

Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

The Court notes that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Furthermore, "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire" report and recommendation. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). In turn, "[a] general objection is considered the equivalent of failing to object entirely." *Id.* A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

A district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Chief Magistrate Judge found that Plaintiff's claims are precluded by *res judicata*. (ECF No. 30, 7.)  Plaintiff has failed to properly object to the legal conclusions in the Report and Recommendation, and the time to do so has expired. (ECF No. 31.) Plaintiff's Objections restate arguments made in Plaintiff's Response to Defendant Midland's Motion to Dismiss. (ECF Nos. 11-1, 1 & 31, 7.) The attachments to Plaintiff's Objections are also largely

attachments that were included with Plaintiff's Response to the Motion to Dismiss. (ECF Nos. 31-1 & 11-6 & 11-7.) Additionally, Plaintiff's Objections are largely unintelligible and do not address the issue of *res judicata*. (ECF No. 31, 1–7.) Being unresponsive to the Report and Recommendation, Plaintiff's Objections are properly construed as a general objection. Therefore, after a full review, the Court adopts the Chief Magistrate Judge's Report and Recommendation and grants Defendant Midland Mortgage Company's Motion to Dismiss.

## **CONCLUSION**

Upon *de novo* review, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **GRANTS** Defendant Midland Mortgage Company's Motion to Dismiss. Plaintiff's claims against Defendant Midland Mortgage Company are **DISMISSED** with prejudice.

**IT IS SO ORDERED** this 13th day of April, 2021.

> *s/ John T. Fowlkes, Jr.*
> JOHN T. FOWLKES, JR.
> United States District Judge