## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOE WILLIE JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-02549-JTF-tmp** |
| | ) | |
| **MIDLAND MORTGAGE COMPANY and** | ) | |
| **MINNESOTA LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT MINNESOTA LIFE INSURANCE COMPANY'S MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Before the Court is Defendant Minnesota Life Insurance Company's Motion to Dismiss, filed on October 30, 2020. (ECF No. 32.) Plaintiff filed his Response to the Motion on December 3, 2020. (ECF No. 35.) Defendant Minnesota Life filed its Reply on December 9, 2020. (ECF No. 37.) On December 22, 2020, the Chief Magistrate Judge entered a Report and Recommendation to grant Defendant Minnesota Life's Motion to Dismiss. (ECF No. 39.) Plaintiff filed a purported Objection to the Report and Recommendation on December 28, 2020. (ECF No. 40.) For the reasons provided below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation, **GRANTS** Defendant Minnesota Life Insurance Company's Motion to Dismiss, and **DISMISSES** Plaintiff's Complaint with prejudice.

## FACTUAL BACKGROUND

In the Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 39, 2–5.)

1

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

The Court notes that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Furthermore, "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire" report and recommendation. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). In turn, "[a] general objection is considered the equivalent of failing to object entirely." *Id.* A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

A district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Chief Magistrate Judge correctly found that regardless of whether Plaintiff's claims are characterized as fraud claims or breach of contract claims, they are barred by the Tennessee statutes of limitations. (ECF No. 39, 8–11.) Plaintiff's purported Objections are insufficient to constitute a specific objection to the Report and Recommendation. (ECF No. 40.) Plaintiff's Objections are titled "Motion to Proceed" and the document states only: "Objections to Minnesota Life Insurance Co. Report and Recommendations." (*Id.*) Thus, Plaintiff's Objections are general and unresponsive to the Report and Recommendation, and accordingly, are "the equivalent of failing to object entirely." *McCready*, 113 F. App'x at 49. After a full review, the Court adopts the Chief Magistrate Judge's Report and Recommendation and grants Defendant Minnesota Life Insurance Company's Motion to Dismiss.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **GRANTS** Defendant Minnesota Life Insurance Company's Motion to Dismiss.    Plaintiff's claims against Defendant Minnesota Life Insurance Company are **DISMISSED** with prejudice.[1]   Accordingly, Plaintiff's Complaint is **DISMISSED** in its entirety with prejudice.[2]

 **IT IS SO ORDERED** this 13th day of April, 2021.

         *s/ John T. Fowlkes, Jr.*_____
         JOHN T. FOWLKES, JR.
         United States District Judge

---

[1] Due to his *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides:  "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).

[2] On April 13, 2021, the Court entered an Order Adopting Report and Recommendation and Granting Defendant Midland Mortgage Company's Motion to Dismiss.  (ECF No. 42.)  With the dismissal of Plaintiff's claims against Minnesota Life Insurance Company, Plaintiff's Complaint has been dismissed in its entirety.